## Corbyn *against* Bollman.

Interrogatories put to the garnishee in foreign attachment must concern the estate and effects of the defendant in his hands, or debts due from him to the defendant. Therefore, a judgment against a garnishee, who is a justice of the peace, for not answering interrogatories as to the number, amount and time of entry of judgments on his docket in favour of the defendant in the attachment, and the names of the defendants therein, is erroneous.

*Semble*, that a justice of the peace cannot be made a garnishee in foreign attachment, in respect of money received by him on judgments rendered before him.

Under the Act of 16th of June 1836, relating to executions, a copy of the writ must be served on the defendant in the judgment; a return of *non est inventus* is not equivalent to a service.

A judgment against the garnishee in foreign attachment for not answering interrogatories, that he has in his possession goods and effects of the defendant to an amount to satisfy the demand of the plaintiff, together with all legal costs and charges, is good.

ERROR to the Common Pleas of *Allegheny* county.

This was an execution in nature of a foreign attachment under the 35th section of the Act of 16th of June 1836, relating to executions, on a judgment for $67.33, recovered in the court below by Bollman, Garrison & Richey against T. J. Corbyn. The writ contained a clause of *scire facias* against L. S. Johns, Esq., a justice of the peace, as garnishee. The sheriff returned " executed by serving a copy on Leonard S. Johns, Esq., N. E. I., as to defendant."

A rule was had on the garnishee to appear and answer interrogatories. The following were the interrogatories filed :

" How many judgments are entered on your docket in favour of T. J. Corbyn, the defendant, and when were they entered, and how much is each of said judgments ? State them specifically; state also the names of the defendants in said judgments."

The garnishee refused to answer these interrogatories, and the court gave the following judgment.

" On motion of the plaintiff judgment against L. S. Johns, Esq., the garnishee in this case. And he is hereby adjudged to have in his possession goods and effects of the defendant to an amount to satisfy the demand of the plaintiff, together with all legal costs and charges."

The entry of judgment against the garnishee was assigned for error.

*Dunlop*, for plaintiff in error. The interrogatories did not re-

[Corbyn v. Bollman.]

late to any debts due to the defendant, or effects of his, in the garnishee's hands. There was no debt due by Johns. If there was, the process should have issued against Corbyn. 6 *Whart.* 181.

The judgment should have been to recover of the debt, &c., and if the garnishee refused, *then* of his own goods, &c.

*Hamilton, contra.* Whether the interrogatories were relevant or not, the garnishee was bound to answer them. The 57th section of the Act of 13th June 1836, relating to the commencement of actions, authorizes judgment to be given against the garnishee for refusing or neglecting to answer interrogatories.

Service on the defendant is required only when he is within the county.

Things in suit may be attached. *M'Carty* v. *Emlen,* (2 *Dall.* 277).

The opinion of the Court was delivered by

SERGEANT, J.—1. The judgment entered by the court below against the garnishee for not answering interrogatories which had been filed by the plaintiff, was erroneous. The Act of 13th of June 1836 authorizes the plaintiff to exhibit interrogatories in writing, touching the estate and effects of the defendant in his possession or charge, or debts due and owing from him, as the case may be, to the defendant, which the garnishee is to answer on pain of judgment against him. But the present interrogatories do not concern any estate or effects of the defendant in the hands of the garnishee, or debt due or owing to him by the garnishee. They merely inquire how many judgments were entered on his docket in favour of the defendant, and when they were entered, and how much each of them was for, with the names of the defendants, and there they stop. They are, therefore, irrelevant, and not such as the defendant was bound to answer. It is probable there has been some slip or inadvertence in the plaintiff in filing his interrogatories, but it is an essential matter, and such as disabled the court below from entering a judgment.

2. I do not see anything in the form of the *scire facias* that would render it void. It recites a judgment in the same court which remained unsatisfied, and this would be enough to show it was process of attachment in nature of execution. It is sufficient to meet the requisitions of the Act of Assembly that this substantially appears. There is, however, an objection taken here which has more force; that is to say, that the process was not served on the defendant in the original suit. The 36th section of the Act of the 16th of June 1836, relating to executions which gives this process, makes it the duty of the officer charged with the execution of the writ to serve a copy thereof on the defendant in the judgment in the manner provided for the service of a summons in a personal action, from and after which the property shall remain

[Corbyn v. Bollman.]

attached. And as no judgment can be rendered by default against a defendant on a summons without a service, it would seem the defendant here must be served in order to render the process effectual. At least such is the express provision of the Act, and it would be going further than we would be warranted, to say that a return of *non est inventus* would be equivalent to a service.

3. There is nothing in this objection. The judgment against a garnishee refusing or neglecting to answer interrogatories differs from that entered against him where he appears and pleads to issue, and is in this case right.

It may be proper to add that considerable doubt exists whether a justice of the peace, who has collected money on judgments rendered before him, can be made a garnishee. It has been decided that a prothonotary cannot be made a garnishee in respect of money which a party to a suit has paid into his hands on a rule of court, nor a sheriff in respect of money raised on a *fieri facias. Ross* v. *Clarke*, (1 *Dall.* 354). There seems to be a strong analogy between these cases and that of money collected by a magistrate.

Judgment reversed.