## Pleasants *against* Cowden.

If a debt due to the estate of a testator be attached for the payment of the debt of the executor, who is also a residuary legatee under the will, it is error in the court to quash the attachment; the party should plead to it, and thus raise the question whether the debt was one of the estate, or belonged to the executor himself.

ERROR to the Common Pleas of *Northumberland* county.

Charles Pleasants against John H. Cowden. This was an attachment process in the nature of an execution, by which the sheriff was directed to attach certain debts which were due by several persons to John H. Cowden, executor of John Cowden deceased, and which were assets of the estate. The defendant obtained a rule to show cause why the attachment should not be dissolved; upon the hearing of which it appeared that the estate of the testator was very large, and abundant to pay all its debts and legacies, and that John H. Cowden was the residuary legatee, and entitled to a large portion of the estate.

The court below was of opinion that the debts of the estate could not be attached for the debt of the executor, and therefore made the rule absolute.

*Pleasants*, for plaintiff in error,
*Greenough*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—We think that the court below erred in quashing the process in this case upon a rule to show cause why it should not be done. It involved the question whether a debt coming to the defendant as the executor and residuary legatee and devisee of his father's will, could be attached under the Act of Assembly of the 16th of June 1836, and applied towards payment of a judgment obtained against him for a debt due from him in his own right. Under circumstances showing clearly that the debt coming to him, though nominally as executor, yet that there were assets both real and personal belonging to the testator's estate, abundantly sufficient to satisfy all the debts thereof, and the prior legacies given by the will, so that the debt attached, if recovered by the defendant himself, would belong to him absolutely, and he would have a perfect right to apply it to the payment of his own debts, or to dispose of it otherwise as he pleased, it would, as we conceive, be the proper subject of attachment to satisfy a judgment against himself. But, on the contrary, if it should clearly appear

[Pleasants v. Cowden.]

to be so, or appear that it was necessary for the executor to receive it, to enable him either to pay the debts of the testator, or the legacies given to the other legatees, it would be both illegal and inequitable that it should be attached and applied to the payment of his own debts. But these are facts which a court ought not to decide in a summary manner, upon motion or a rule, as was done in this case, where the defendant has a right to appear and plead, and by his plea to have all such matters of fact put in issue, so that they may be tried by a jury. If it be that the debt attached in this case is coming to the defendant as residuary legatee under the will of his father, we do not consider that, because it may be regarded and termed a legacy coming to him, it cannot therefore be attached for the payment of his debt upon a judgment rendered against him; for it does not come within the principles upon which it was held by this court in the case of *Shewell* v. *Keen*, (2 *Whart. Rep.* 332), that a legacy in the hands of an executor could not be attached for the debt of the legatee by process of foreign attachment. There the legatee was not entitled to receive the legacy without first giving the executor a refunding bond, with at least two sureties in it; a thing that the creditor of the legatee could not do, and without which the executor, as the law stood then, could not be compelled to pay the legacy to either the legatee or his creditor. In the present case, however, the defendant is the executor as well as the legatee, and even if the law relating to legacies were the same now that it was then, which it is not, no refunding bond would be requisite, nor could it be given in conformity to the Act of Assembly which then existed on the subject, seeing the legatee and the executor are the same person, and that it would be impracticable for the legatee to give a bond to himself, as also altogether idle and nugatory. The legatees under the will of the testator in this case have a lien upon all the real estate devised thereby to the defendant, of which they cannot be devested without their consent, or a judicial sale made thereof, which latter would secure to them the payment of their legacies out of the moneys arising from such sale, unless they should neglect to demand and receive their legacies upon the moneys being brought into court.

Judgment reversed, and *procedendo* awarded.