## New York Marine Court.

*Special Term—November,* 1876.

### CHARLES GOLDZIER *against* THOMAS H. YOUNG.

Moneys, while in the hands of a receiver appointed by the court, are in *custodia legis,* and are not subject to levy under mesne or final process.

McADAM, J.—Some time prior to the 25th day of September, 1876 (the exact date does not appear from

the papers, nor is it very material for the purposes of the motion), an attachment against the property of the defendant was issued herein, a copy of which, with the necessary notice, was served upon J. C. Julius Langbien, as receiver appointed by the superior court of the city of New York, under and by means of which it was claimed that a lien was acquired upon certain rents in the hands of Langbien as such receiver.

The defendant moves for an order releasing from the effect of such attachment rents collected by the receiver subsequent to the service and levy of the attachment, upon the ground that they were not then due, but were payable afterwards.

The motion must be granted.

*First.* Because Langbien, as receiver, is an officer of the superior court of the city of New York (the court that appointed him). He is accountable to that court for the moneys in his hands as receiver. The money is therefore *in custodia legis*, and not subject to levy under the attachment law (See Field *v.* Jones, 11 *Geo.* 413; Glenn *v.* Gill, 2 *Md.* 1; Anon., 1 *Code R. N. S.* 211; Corbyn *v.* Bollman, 4 *Watts & Serg.* 342; Chealy *v.* Brewer, 7 *Mass.* 259.

In Wiswall *v.* Simpson (14 *How. U. S.* 52), it was held that where real estate is in the custody of a receiver appointed by a court of chancery, a sale of the property under an execution issued by virtue of a judgment at law, is illegal and void.

In Field *v.* Jones (11 *Geo.* 413, *supra*), the supreme court of that State held that a receiver is but the officer of the court—that his possession is the possession of the court, and that he is not subject to the process of attachment. The present motion is directed simply to the fund in the hands of the receiver, and the liability of the fund in his hands to levy upon attachment is the sole question before me. The form of the order made by the superior court, directing a division of the

funds in the receiver's hands, does not alter the above rule ; nor does it make the present case an exception to it. The fund is *in custodia legis* until actually paid over to the person entitled to it; and the fund does not lose the protection of this principle until such payment is actually made.

· *Second.* Because the facts disclosed entitle the defendant, upon the merits, to the relief applied for. (See Syracuse City Bank *v.* Coville, 19 *How.* 385). Upon both of the grounds stated, the defendant is equitably entitled to have his application granted.

Ordered accordingly.

See *The Reporter*, vol. 6, pp. 374, 619, N. Y. court of appeals; Dunlap *v.* Patterson Fire Ins. Co. (*Id.* 374).