# Lorenz *versus* Orlady, Garnishee of Yenter.

After an assignment for the benefit of creditors, the debtor acquired a fund which was attached in his counsel's hands. The court dissolved the attachment upon a rule to show cause, and directed the fund to be paid to the assignee. *Held*, to be error, because:

(1.) The rights of the parties could not be disposed of in so summary a manner: the defendant and garnishee could appear, plead and have a trial by jury: and

(2.) The fund having been acquired after the assignment, the assignee had no right to it, even if he had been in court as a claimant.

May 28th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Huntingdon county:* Of May Term 1878, No. 133.

This was an attachment-execution issued upon a judgment against Zachariah Yenter in favor of Herman Lorenz, and in which George B. Orlady, the counsel of Yenter, was summoned as garnishee.

On January 19th 1877 six judgments were entered against Yenter, the last two being in favor respectively of Samuel Hemphill and the plaintiff, Lorenz. Executions were issued on the same day and Yenter's personal property was sold, producing a sum sufficient to pay the first four judgments in full and a portion of that in favor of Hemphill. After the issuing of the executions, viz., on January

[Lorenz *v.* Orlady.]

24th, Yenter made an assignment for the benefit of creditors to John C. Miller. After some time it appeared that the costs charged by the sheriff upon the writs of execution were in excess of the legal fees, and Yenter having, on June 29th, procured from Hemphill an assignment of his interest in such excess, the sheriff, on July 6th paid to George B. Orlady, Yenter's counsel, the sum of $131.50, which, without the assignment, would have been applied upon Hemphill's judgment. On the same day Lorenz issued this attachment, which was served upon Orlady and Yenter. On August 20th, upon the application of Yenter, a rule was granted upon Lorenz to show cause why the attachment should not be dissolved, which the court (Dean, P. J.,) afterwards, on February 20th 1878, made absolute, at the same time directing the fund "to be paid to assignee of insolvent debtor, Z. Yenter, less his reasonable counsel fees."

To this order Lorenz took this writ, assigning for error the dissolution of the attachment, and the order directing the fund to be paid to the assignee.

*Petrikin* and *McNeil*, for plaintiff in error.—The court had no power to dissolve the attachment in a summary way; defendant could appear, plead and have a trial: Neff *v.* Love, 2 Miles 128; Pleasants *v.* Cowden, 7 W. & S. 379.

The assignee had no right to the fund. He was not in court, and even if he had been a claimant the fund was acquired after the assignment and did not pass to him.

No counsel appeared for defendant in error, and there was no paper-book.

Mr. Justice PAXSON delivered the opinion of the court, June 17th 1878.

We think the court below erred in dissolving the attachment upon a rule to show cause. The rights of the parties could not be disposed of in this summary manner. Much more was it error to award the fund in the hands of the garnishee to the assignee of the insolvent debtor. The assignee had made no claim to the fund, was not in court nor represented by counsel. He had no right to the fund, for the plain reason that it had been acquired by Yenter several months after the assignment. It could not, therefore, have passed to his assignee. Whether the money in the hands of Orlady, the garnishee, and who was also Yenter's counsel, is liable to attachment, is a question that must be settled in the usual manner. The attachment was dissolved upon the petition of Yenter, the defendant. He has a right to appear and plead to the attachment, and by his plea to have all such matters of fact put in issue so that they may be tried by a jury: Pleasants *v.* Cowden, 7 W. & S.

379. The garnishee also has the right to have a jury pass upon disputed questions of fact, if there be any. It was not the right of either the defendant or the garnishee to have the attachment dissolved in a summary manner.

> The order of 20th February 1878, dissolving the attachment and directing the fund to be paid to the assignee is reversed, and it is now ordered that the attachment be reinstated.