## Anders & Co. v. Fiore et al.

*Execution—Attachment execution—Cash deposited in lieu of bail—Custodia legis—Act of April 7, 1921.*

1. An attachment execution will not lie against cash in the hands of the Clerk of the Quarter Sessions, deposited originally with a justice of the peace by a defendant for appearance before the justice, which the latter, by defendant's direction, has transmitted to the clerk to secure defendant's appearance at the next term of the criminal court.

2. Such a fund is in *custodia legis*, and this is the case, although it is only a part of the amount which the justice demanded as cash bail for defendant's appearance at court, and the balance of the amount demanded was not deposited by defendant.

Attachment execution. C. P. Somerset Co., Sept. T., 1921, No. 5.

*Alex. King, J. C. Lowry* and *J. B. Landis,* for plaintiff.

*Boose & Boose,* for defendant; *P. G. Cober,* for garnishee.

BERKEY, P. J.—The court, from the evidence in the case, finds the following

### Facts.

1. Frank Fiore, the execution debtor, on April 21, 1921, was arrested, charged with a misdemeanor and brought before a justice of the peace, when the said Frank Fiore deposited with the justice of the peace $500 in lieu of surety bond for his appearance before the justice of the peace for hearing Friday, April 22, 1921, between the hours of 7 P. M. and 8 P. M.

2. The defendant appeared at the time fixed for hearing, when, after due hearing, the defendant was held for court at May Sessions, and in default of bond in the sum of $1000 the defendant was committed to the county jail.

3. The defendant instructed the justice of the peace thus: "Directed this sum of $500 to be sent to the clerk's office as a part of the cash bond which was to be required, . . . and we were to endeavor to raise the balance, but were unsuccessful."

4. Frank Fiore, May 2, 1921, entered a plea of guilty of the offence charged; he was sentenced same day.

5. May 2, 1921, Anders & Co. caused an attachment execution *sur* judgment, No. 236, May Term, 1919, to issue out of the Court of Common Pleas of Somerset County, which, immediately after sentence imposed on defendant, was served on the defendant and Charles I. Knepper, who was, and yet is, the Clerk of the Court of Quarter Sessions of Somerset County.

### Conclusions of law.

The moneys sought to be recovered by the plaintiff by virtue of the attachment execution were in *custodia legis* at the time the attachment execution was served, being in the hands of Charles I. Knepper, Clerk of the Court of Quarter Sessions of Somerset County, Pennsylvania, and, therefore, not subject to attachment.

### Discussion.

It appears by the undisputed evidence in the case that Frank Fiore, the execution debtor of the Anders Company, paid the money to the justice of the peace in lieu of bail under the provisions of the Act of April 7, 1921, P. L. 118, for his appearance for a hearing held before the justice of the peace on a charge of misdemeanor; that, after hearing had upon the charge, the justice of the peace held said Frank Fiore for court and committed him to jail in default of bail in the sum of $1000, whereupon the said Frank Fiore, by his counsel, directed the $500 to be paid by the justice of the peace with his return of the case to the Clerk of the Court of Quarter Sessions, there to stand available if he were able to raise the additional $500 in order to meet the cash required by the justice of the peace in lieu of bail for his appearance at the next quarterly sessions of the said court. I am of opinion, therefore, that, under this state of facts, the money from the time it was placed in the hands of the justice of the peace remained and was in *custodia legis* when the attachment execution was served, and the attachment must be dissolved. What was said by the learned court in Davies *v.* Gallagher, defendant, and Cassidy, garnishee, 16 W. N. C. 147, is all that needs to be said on the law in this case.

### Decree.

Now, Jan. 30, 1922, the attachment execution issued by S. M. Anders, trading as Anders & Co., plaintiff, *v.* Frank Fiore, defendant, and Charles I. Knepper, garnishee, is hereby dissolved, at the costs of the plaintiff. The prothonotary is hereby directed to serve notice in writing of the filing of this decree upon the plaintiffs and their attorneys, and upon the defendant and the garnishee and their attorneys, and unless exceptions be filed to the findings of fact, conclusions of law and this decree within thirty days from the filing hereof in the office of the prothonotary, then judgment to be entered by the prothonotary in accordance with the foregoing decree.

From Mrs. Daryle R. Heckman, Somerset, Pa.

NOTE.—See Corbyn *v.* Bollman, 4 W. & S. 342.