## Buono v. McCullough.

*Israel Krohn,* for plaintiff; *Frank P. McCluskey,* for defendant.

STEWART, P. J., March 24, 1930.—This is a rule to show cause why an attachment, in so far as it attaches money in the hands of an alderman, should not be dissolved and quashed. A number of reasons were given in the petition to quash the attachment, but all were abandoned except the sixth; "That moneys in the custody of the law cannot be attached under the Fraudulent Debtors Act of March 17, 1869, P. L. 8." The petition sets out that the sum of $200 was deposited by Robert McCullough, the husband of Cora McCullough, as bail for her to appear and answer a criminal charge against her in the case of Commonwealth *v.* Cora McCullough, wherein the present plaintiff was the prosecutor, and the writ of attachment was served upon the alderman prior to the hearing of the criminal complaint. The record shows that the attachment was served on Dec. 27, 1929, at 11.25 A. M. It was stated on the argument that the hearing was on that day at 2 P. M. Under the facts, can money deposited as bail be attached? The Act of April 7, 1921, P. L. 118, provides "for the depositing of money with magistrates, justices of the peace, and aldermen in lieu of bail or recognizances with surety or sureties in criminal prosecutions, desertion and nonsupport, and surety of the peace." Surely, when a deposit is made, it is *in custodia legis.* Under such circumstances, decisions are uniform that it cannot be attached. In Ross *v.* Clarke, 1 Dallas, 354, money was attached in the hands of the prothonotary. The Supreme Court said: "If a proceeding of this kind were allowed, there could be no end to suits. We are unanimously of opinion that the foreign attachment has issued irregularly and ought to be quashed." In Corbyn *v.* Bollman, 4 W. & S. 342, Mr. Justice Sergeant said: "It may be proper to add that considerable doubt exists whether a justice of the peace, who has collected money on judgments rendered before him, can be made a garnishee. It has been decided that a prothonotary cannot be made a garnishee in respect of money which a party to a suit has paid into his hands on a rule of court, nor a sheriff in respect of money raised on a *fieri facias:* Ross *v.* Clarke, 1 Dallas, 354. There seems to be a strong analogy between these cases and that of money collected by a magistrate." In Rockey *v.* Carson, 4 Pa. C. C. Reps. 543, following that case, President Judge McIlvaine decided that: "Money received by a justice of the peace, in his official capacity, cannot be attached in his hands." In Riley *v.* Hirst, 2 Pa. 346, it was held that money in the hands of an attorney at law may be attached. Mr. Justice Sergeant pointed out the difference between that case and the case of a public official. He said: "No reason has been suggested why an attorney at law should not be made garnishee in a foreign attachment. Considerations of public policy and convenience require that money in the hands of public officers appointed by law, such as sheriffs, prothonotaries and other depositaries, should not be stopped whilst *in custodia legis.* But an attorney at law derives his power entirely

from his client, and there seems no more reason for his exemption than that of an attorney in fact or other private agent." In Davies *v.* Gallagher, 16 W. N. C. 147, it was held by President Judge Thayer that moneys belonging to a convict could not be attached in the hands of the warden of the penitentiary. Judge Thayer reviewed the cases and placed his decision on the ground that the warden was a public official. In Mantua Hall and Market Co. *v.* Brookes, 4 Dist. R. 5, it was held that money realized from a sale in partition by a master could not be attached in the master's hands. A case on all fours with the present one is Anders & Co. *v.* Flore et al., 3 D. & C. 489. The syllabus of that case is: "An attachment execution will not lie against cash in the hands of the Clerk of the Quarter Sessions, deposited originally with a justice of the peace by a defendant for appearance before the justice, which the latter, by defendant's direction, has transmitted to the clerk to secure defendant's appearance at the next term of the criminal court. Such a fund is *in custodia legis*, and this is the case, although it is only a part of the amount which the justice demanded as cash bail for defendant's appearance at court, and the balance of the amount demanded was not deposited by defendant."

It was contended on the argument that in law there are no fractions of a day, and that as the defendant was discharged at the hearing, the money could not be said to be in the custody of the law after the discharge. There are two answers to this view; one, that the record shows that she was not discharged as a matter of fact until 2 P. M., when the attachment was served at 11.25 A. M. (this of itself is conclusive); and the other, that money in the hands of the alderman was impressed with the peculiar character of exemption which it received when deposited, and would not lose that character by the discharge, where it was so closely connected in point of time as in the present case. The learned counsel for the plaintiff cites in support of this proposition Piper et al. *v.* Piper et al., 7 Dist. R. 135. There the master sold real estate. The sale was confirmed absolutely on May 28, 1897. A schedule of distribution was also reported, which was confirmed *nisi* on Sept. 27, 1897, which was to become absolute in ten days if no exceptions were filed, etc. An attachment was served on the master before the time fixed in the order for the payment. After referring to the authorities that money *in custodia legis* is not attachable, the court said: "The master, it is true, was appointed by the court and made sale under order of the court, but after the order to pay over was made the master was personally liable to the parties in interest. The schedule of the distribution had been confirmed and the interest of the defendant was determined. The master held for him a specific sum of money. This was the property of the defendant. Whether paid or not was a question between the master and the party in interest. The exact point in this case was determined by the Supreme Court of Illinois in Weaver, Admin'r, *v.* Davis, 47 Ill. 235. It was there held that money in the hands of a master in chancery, being the proceeds of real estate sold in partition, may be attached after final order of the court distributing said money to the defendant in the attachment." After carefully considering the matter, we do not agree with the decision in that case. In our judgment, public policy requires that money deposited as this was, to secure an appearance in a criminal case, should be held to be exempt from attachment under the authorities first above cited.

And now, March 24, 1930, the attachment is dissolved and quashed in so far as it attaches money in the hands of John R. Chidsey, alderman.

From Henry D. Maxwell, Easton, Pa.