## Lightner v. Corbit Brothers Plumbing & Heating Co., Inc., et al.

*P. Herbert Reigner*, for petitioner.
*John S. Rhoda*, contra.

SHANAMAN, J., May 8, 1935.—Plaintiff, having obtained a verdict and judgment against Corbit Bros. Plumbing and Heating Company, Inc., filed a bill of discovery of debtor's assets, under the Act of June 16, 1836, P. L. 755, sec. 9, 12 PS §2231. In the bill, plaintiff joined, as additional defendants, Charles A. Corbit, individually and trading and doing business as Corbit Bros., and also trading and doing business as Corbit Bros. & S. E. Fritz Co., and City Bank and Trust Company of Reading, Pennsylvania, a corporation. Interrogatories were served upon the bank, and it was required to answer what property it had belonging to the judgment defendant. It replied that it had none. The interrogatories also required the bank to answer what property it had belonging to the other parties brought in as additional defendants in the bill of discovery. The bank declined to answer the latter interrogatories on the ground that such interrogatories were improper, and that it could not be required to divulge information concerning those defendants in the bill of discovery who were not defendants in the judgment.

The bank has filed a petition to dissolve the bill of discovery as to it, that its name be stricken from the record as defendant, and that it have its proper costs. Petitioner cited a number of cases in support of its contention that it was not required to answer as to accounts and property of or dealings with defendants who were not defendants in the judgment. If this position be con-

ceded to be correct—and plaintiff does not seriously dispute it—it does not follow that the bank is entitled to have the bill dismissed as to it.

The proceedings in the sci. fa. obtained by the bill of discovery are substantially the same as those in a sci. fa. in foreign attachment: Shaffer v. Watkins, 7 W. & S. 219, 227. Those interrogatories which referred directly to the defendant in the judgment were admittedly material, and these the bank answered, denying assets of the said defendants in its possession. A garnishee's answer to interrogatories, which denies indebtedness to the defendant, is not conclusive: Lansdale Trust and Safe Deposit Co. v. Smith, 19 Pa. Superior Ct. 235. In Lorenz v. Orlady, 87 Pa. 226, the question arose on a rule to dissolve an attachment which was made absolute. The Supreme Court reinstated the attachment, saying (p. 228) :

"It was not the right of either the defendant or the garnishee to have the attachment dissolved in a summary manner."

"If, after answer filed, the plaintiff does not, for three months, either take judgment on the answers or rule garnishee to plead, judgment may be entered by the court on the answers, at the instance of the garnishee, if the admissions therein will justify a judgment; if not, the garnishee may put in the plea of nulla bona": Berks County Rules of Court, section 42.

We are of opinion, therefore, that the bill of discovery, so far as it contains valid inquiries addressed to the bank, ought not to be dismissed as to it. However, the bank's contention that the inquiries directed to it as to other persons than the judgment debtor went too far and needed not to be answered is correct: Corbyn v. Bollman, 4 W. & S. 342; Struber v. Klein, 17 Phila. 12; Rhine v. Danville, etc., R. R. Co. et al., 1 W. N. C. 326; Balthaser v. Bitner et al., 6 Berks 301. We therefore hold that the plaintiff's bill of discovery is to be retained as to City Bank and Trust Company and not dismissed,

but that said defendant need not answer or plead as to the possession of assets or of accounts belonging to or in favor of Charles A. Corbit, individually and trading and doing business as Corbit Bros., and also trading and doing business as Corbit Bros. & S. E. Fritz Co.

And now, to wit, May 8, 1935, the bill of discovery is retained as to the petitioning defendant, subject to the restrictions hereinabove imposed.