# Jackson, to use of Hoffa, *versus* Morter.

1. A court has power to strike off the acknowledgment of a sheriff's deed and set aside a sheriff's sale for fraud, if application be promptly made, where the deed has not been delivered.

2. A sheriff's deed was acknowledged September 24th 1874; on March 30th 1875, two terms of the court having intervened, a rule was taken by the defendant in the execution to strike off the acknowledgment and set aside the sale, on the ground of fraud on the part of the purchaser; the deed had not been delivered; the court below made the rule absolute : *Held*, that the application was not too late.

3. Where a waiver of inquisition was obtained by fraud upon the defendant, but the latter, though knowing all the facts, was present at the sheriff's sale of his property, and allowed the sale to be made and the deed to be acknowledged : *Held*, that in proceedings to avoid the sale he was estopped to set up the fraud practised upon him.

4. A purchaser at sheriff's sale who makes fraudulent statements as to fixed encumbrances upon the property to be sold, whereby others are dissuaded from bidding and he obtains it for less than its value, is guilty of fraud for which the court may set aside the sale.

June 8th 1876. Before AGNEW, C. J., MERCUR, GORDON, PAXSON and WOODWARD, JJ. SHARSWOOD and WILLIAMS, JJ., absent.

Error to the Common Pleas of *Sullivan county :* January Term 1876, No. 126. Certified from Eastern District.

This was a writ of error taken to an order of the court below making absolute a rule to show cause why the acknowledgment of a sheriff's deed should not be stricken off and a sheriff's sale set aside.

The following are copies of the two notes in which the proceedings originated :—

" $70.85.                    Dushore, Pa., December 27th 1871.

One day after date, for value received, I promise to pay to Jackson Brothers, or bearer, the sum of seventy dollars and eighty-five cents, with interest, without defalcation or stay of execution; and I do hereby confess judgment for the same, with costs of suit, and waive the right of inquisition or appeal and all the exemption acts of the state of Pennsylvania.

Witness my hand and seal.

his<br>Volentine X Morter, [seal.]<br>mark

Witness:
    Hugh Prislin."

" $112.58.          Dushore, Sullivan county, Pa., June 23d 1874.

One day after date, I promise to pay George D. Jackson & Co., or bearer, one hundred and twelve and 58-100 dollars, with interest, for value received; and I do hereby confess judgment for the above sum with costs, waiving the right of inquisition, stay of execution and all exemption laws.

Witness my hand and seal.

his '<br>Volentine X Morter, [seal.]<br>mark

Witness:
    Levanah Morter."

Judgments were entered upon these notes on December 30th 1871, and June 28th 1874, respectively; on August 15th 1874, both judgments were marked to the use of Jacob Hoffa. Writs of fieri facias were issued on both judgments to September Term 1874, and under them certain real estate of Morter was sold by the sheriff on September 22d 1874, for $545, to Jacob Hoffa. Upon the day after the sale a sheriff's deed was executed and acknowledged in open court. A rule of court provided, that before the acknowledgment of a sheriff's deed, "the process under which the sale shall have been made shall be duly returned and filed with the prothonotary." It appeared, however, that the above writs of fi. fa. were not returned till after the acknowledgment of the deed. It did not appear by the record that the deed had ever been recorded or delivered to Hoffa. On the day of the acknowledgment of the deed, the court appointed an auditor to distribute the fund in court arising from the sale. On December 15th, proceedings for distribution were stayed, and on December 18th 1874, the court granted a rule to show cause why the judgment should not be opened and the defendant let into a defence, and the sale of the property set aside. This rule was afterwards discharged.

On March 30th 1875, the court, on petition of Morter, granted the rule on Hoffa upon which these proceedings are based, to show

[Jackson v. Morter.]

cause why the sale should not be set aside and the acknowledgment of the sheriff's deed stricken off.   The grounds upon which the rule was taken were : fraud in procuring the waiver of inquisition and fraudulent representations made by Hoffa which deterred persons from bidding at the sale ; as to the first ground the facts tending to prove fraud in procuring the waiver of inquisition are unimportant, as Morter was held to be estopped from setting them up in avoidance of the sale.   The facts creating the estoppel appear fully in the opinion of the court.

As to the other ground taken, there was contradictory evidence in the depositions.   There was evidence that two weeks before the sale and also at the time of the sale, Hoffa had made statements to various persons that whoever bought the property at the sale would be obliged to support Michael Morter during his lifetime and to pay a sister of V. Morter $100.   Hoffa denied making any such statements.   A witness also testified that he was a bidder at the sale for $540, and would have bid $1000, had it not been for the above statements of Hoffa to him.   The court below was of opinion that fraud on Hoffa's part was established by the proofs, and this finding was accepted by this court as a fact.

The court below (Ingham, P. J.) made the rule absolute, being of opinion that it was within the discretion of the court to strike off an acknowledgment not made in accordance with the rules of court; that the waiver of inquisition was obtained by fraud, and was therefore void as to Morter ; and that the purchaser at the sheriff's sale had obtained the property at a low price by fraudulent representations made at and before the time of the sale.

To this judgment of the court below, Hoffa took this writ of error, and assigned for error in substance that the court erred in striking off the acknowledgment of the sheriff's deed, and setting aside the sale.

*Dunham, Thompson* and *De Witt & Maynard*, for the plaintiff in error.—The acknowledgment of the deed cured the irregularity in not returning the writ : Shields v. Miltenberger, 2 Harris 76.   In Hope v. Everhart, 20 P. F. Smith 234, the waiver was by a lunatic. The court below had only power to grant an issue to try the question of Hoffa's fraud.   Morter could try the question in ejectment: Gilbert v. Hoffman, 2 Watts 66.   Hoffa has paid his money for the land, and it has never been tendered to him again by Morter ; if the judgment is sustained, he is without remedy.

*A. Logan Grim*, for defendant in error.—Hoffa did not ask an issue in the court below ; even when demanded, it is a matter of discretion.   There is no evidence that Hoffa has paid the purchase-money ; being a judgment-creditor, the presumption is that it was credited on his judgment.   If he has paid his money, he can

[Jackson *v.* Morter.]

recover it from the sheriff; if not, he can proceed, as before, on his judgments.

Mr. Justice MERCUR delivered the opinion of the court, October 9th 1876.

All the assignments of error relate to the power of the court to strike off the acknowledgment of a sheriff's deed and set aside the sale. That it possesses the power under some circumstances cannot be questioned. It naturally flows from the right to supervise the acts of its officer, and to amend its own records.

On what grounds and within what time the power may be exercised, presents another question. That the court may, for sufficient cause, set aside the sale before the deed has been acknowledged, is very clear. That it may exercise a like power after acknowledgment, but at the same term, appears to be conceded by the authorities. Whether it may, after the term at which the deed was acknowledged, and after being duly recorded and delivered, does not appear to have been distinctly ruled by this court. In fact, the cases declaring the legal effect to be given to the acknowledgment of a sheriff's deed are not in entire harmony. This is shown by Mr. Justice BELL, in Shields *v.* Miltenberger, 2 Harris 76. He therein reviews the authorities, and follows the case of Crowell *v.* Meconkey, 5 Barr 168. It was therefore held that the acknowledgment not only cured all irregularities in the process and sale, but that it had a curative power operating beyond such defects. In McFee *v.* Harris, 1 Casey 102, it was said: " After acknowledgment of the sheriff's deed in open court, the title of the sheriff's vendee cannot be affected by mere irregularities, however gross. Nothing but fraud in the sale, or want of authority to sell, can defeat his title." In Crowell *v.* Meconkey, *supra*, and in Michell *v.* Freedly, 10 Barr 208, it was held that where a sheriff's sale was confirmed without objection, and the proceeds had been applied to the debts of the defendant, it had the same effect as if paid to the debtor, and would estop him from denying the validity of the sale. So, in Spragg *v.* Shriver, 1 Casey 282, it was held that where real estate had been sold by the sheriff without a regular condemnation or waiver of inquisition, the defendant must object within a reasonable time, and such reasonable time was before the confirmation of the sale and the acknowledgment of the sheriff's deed to the purchaser. These cases, however, were actions of ejectment. The question was as to the validity of the title acquired by the purchaser at sheriff's sale. They did not necessarily determine the causes for which the court might set aside a sheriff's sale, nor the time within which the equitable powers of the court may thus be exercised.

The decision of a Court of Common Pleas confirming a sheriff's sale and ordering a sheriff's deed to be acknowledged is not the subject of a writ of error; it is an act which belongs to the dis-

[Jackson v. Morter.]

cretionary powers of the court below: Rees v. Berryhill, 1 Watts 263; Sloan's Case, 8 Id. 194. Where, however, the title of the purchaser has been fully confirmed, when the term has passed and the deed has been recorded and delivered, a different case is presented; all irregularities and minor defects have been waived or cured. If want of power to sell, or gross fraud in the sale, is alleged, the purchaser has a right of trial by jury. In Chadwick v. Patterson, 2 Phila. R. 275, Mr. Justice SHARSWOOD said: "It is exceedingly doubtful whether the court has any power over a sheriff's deed after it has been acknowledged. We have vacated such an acknowledgment, at the instance of the purchaser, where he has produced the deed itself and delivered it up to be filed and cancelled." In Stephens v. Stephens, 1 Phila. R. 108, it was held, in an opinion given by Mr. Justice LOWRIE, that it is no objection to the setting aside a sheriff's sale, where the deed is still in the hands of the sheriff, that a term has elapsed since the acknowledgment of the deed. While these are not the decisions of this court, yet the learning and experience of the judges who deliver the opinions give great weight to their conclusions. Much must depend on whether the sale or acknowledgment was made through fraud, and with what promptness the application is made, to avoid the sale.

In this case the deed was acknowledged at the September Term. On the 30th March following, the rule was granted to show cause why the acknowledgment should not be stricken off, and the sheriff's sale be set aside. The December and February Terms had intervened. It is true, at the December Term a rule had been granted to show cause why the judgment should not be opened, the defendant let into a defence and the sale be set aside. At the February Term that rule had been discharged. The last rule was no continuation of the former, although it covered a part of the same ground. It is not shown to have been based on the same alleged facts. We have not been furnished with a copy of either affidavit on which a rule was granted. The opinion of the court, and the depositions, show the grounds on which the acknowledgment was vacated and the sale set aside. One is for alleged fraud in procuring the waiver of inquisition in the judgment note; the other for fraudulent representations, which deterred persons from bidding at the sheriff's sale. Neither opinion nor deposition shows that the deed had been delivered before the rule was granted. The purchaser appears to have had possession of it, when the depositions were afterwards taken. In his paper-book, the plaintiff claims a previous delivery. This is expressly denied by the defendant. In the absence of all proof, we cannot assume a previous delivery.

We will not review the conclusion of the court as to the weight of the evidence, but will look at it to ascertain the ground of their action. Morter swears that he was present at the sheriff's sale;

that within five or or ten minutes after the sale he knew it was purchased by Hoffa.

The record showed the waiver of inquisition. Morter knew at the time of the sale all the facts bearing on the execution of the note in which the inquisition was waived. Yet he gave no notice. He made no objection. He suffered the sale to proceed. He had full opportunity then to object to the proceedings, and again before the deed was acknowledged. He remained silent when he ought to have spoken. He is, therefore, now estopped from setting up in avoidance of the sale the alleged fraud in the execution of the note. The authority of Hope *v.* Everhart, 20 P. F. Smith 234, relied on by the defendant in error, was very much shaken, if not substantially overruled, by the case of Hageman *et al. v.* Salisberry, 24 Id. 280. Yet, if it had not been, it in no wise prevents the application of the doctrine of estoppel. The learned judge, therefore, erred in holding that this portion of the case entitled the defendant to relief.

The remaining ground is the alleged fraudulent representations of the plaintiff whereby persons were dissuaded from bidding. This allegation was controverted; yet the court found it to be true. The averment thereof gave the court the right to inquire into the fact. We will not review the correctness of the conclusion. We assume it to be correct. If correct, it was undoubtedly a sufficient ground for setting aside the sale, if the application was made in time. Was it so made? The record stops with the bare acknowledgment of the deed. It is not shown to have been either recorded or delivered. Nor is it shown that Morter did not act with promptness, after obtaining a knowledge of the facts preventing a fair sale. When the rule was granted, the title of the purchaser had not been fully perfected, as the deed remained in the hands of the sheriff. Such being the case, we cannot say that it was too late for the court to inquire into the legality of the sale. In so inquiring it might consider the fact that the acknowledgment had been taken in violation of its rule. The mere fact however that the writ had not been returned at the time, is insufficient to destroy the validity of the sale; that omission may be cured by an acknowledgment of the deed in open court, reciting a sale under the writ. The correct and better practice undoubtedly requires a return of the writ on which the sale was made; yet when the power of sale exists, and the sheriff has set forth in his deed the manner in which he has executed the writ, and the court accepts the acknowledgment and confirms the sale, the title passes to the purchaser: Gibson *et al. v.* Winslow, 2 Wright 49. We see no sufficient ground to reverse the judgment.

Judgment affirmed.