# Connelly *versus* The City of Philadelphia.

1. The Court of Common Pleas has the power to set aside a sheriff's sale, at any time before the deed is acknowledged, or even after that act, if done at the same term.

2. Said court may intervene to protect a judgment creditor, where it has reason to believe that his rights have been compromised, either through mistake or fraud.

3. *Query*, whether in a contest between mere bidders at a sheriff's sale, said court may not properly intervene to protect their several rights.

January 17th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of July Term 1875, No. 75.

The facts were these: Under proceedings in the case of the City of Philadelphia against Robbins, for unpaid taxes, two lots were sold by the sheriff, numbered respectively 1 and 2. For each of these lots Mr. Pfeiffer, the solicitor of the lien department of the delinquent tax office of the city, for the purpose of protecting the interests of the city, bid $125, and they were knocked down to him at that time. Upon appearing at the clerk's desk shortly thereafter, for the purpose of signing the conditions of sale, he discovered that Patrick Connelly had anticipated him and signed as purchaser of No. 2, and was recognised by the sheriff as the purchaser for the sum of $125. The city, two days thereafter, took a rule to set aside the sale of No. 2, pending which the levari was returned by the sheriff as to No. 2, "sold to Connelly for $125," and he executed, acknowledged and delivered a deed to him. The court below ordered this deed to be returned by Connelly to the prothonotary for cancellation, when he took this writ, assigning this order for error.

[Connelly v. City of Philadelphia.]

*John Dolman*, for plaintiff in error.—A purchaser at sheriff's sale being liable for the amount of his bid, and the rule *caveat emptor* being strictly enforced against him, certainly acquires some rights by becoming a purchaser, and those rights he cannot be deprived of arbitrarily, but it must be done for good cause, and according to law. He becomes seised of an estate in the land, and when an order is made depriving him or ousting him from that estate a court of error has jurisdiction, and can review such order, and correct any error therein: Young's Appeal, 2 P. & W. 380.

In the case before the court all the evidence shows that the real trouble was a dispute between rival bidders, and the disappointed bidder goes into the court below, and moves to set aside the sale because he was the real purchaser, and the sheriff recognised some one else as such. And upon this the court below arbitrarily decides that the plaintiff's attorney was the real bidder, although he did not sign the sheriff's book, and could not have been held to his bid, and in the face of the sheriff's return stating that Patrick J. Connelly was the purchaser. The sheriff is the only person who can decide to whom he sold the property, and his return of the levari is conclusive.

*Charles E. Morgan, Jr.*, Assistant City Solicitor, and *W. Nelson West*, City Solicitor, for the city.— The action of the court in setting aside the sheriff's sale, under a rule granted prior to the execution of the deed, is not the subject of a writ of error or appeal to this court. It is an act belonging entirely to the discretionary powers of the court below.

The only exception to this rule is where there is no exercise of such powers until after the title of the purchaser has been confirmed by the sheriff's delivery of a deed to him. See Rees *v.* Berryhill, 1 Watts 263; Sloan's Case, 8 Id. 194; Jackson *v.* Morter, 1 Norris 291; Hoffa's Appeal, Ibid. 297; Laird *v.* Mc-Carter, 2 W. N. C. 213.

In this case the sale was on April 5th 1875. On April 7th 1875, or immediately after the sale and prior to the confirmation thereof, the rule to set aside was granted.

Mr. Justice GORDON delivered the opinion of the court, February 11th 1878.

There is no doubt about the power of the Court of Common Pleas to set aside a sheriff's sale at any time before the deed is acknowledged, or even after that act, if done at the same term. The motion to set the sale aside, in the case now under consideration, was made before the acknowledgment. That the deed was executed, acknowledged and delivered after the motion and pending the rule, does not affect the question, for the authority of the court over the matter could not thus be divested. The court having, then,

[Connelly *v.* City of Philadelphia.]

the power to do what it did, and the exercise of that power being discretionary, ordinarily it cannot be revised by the superior tribunal. It is said, however, that the court below exceeded its legitimate authority, in that it undertook to set aside the sheriff's sale, at the instance of a mere bidder, whose rights in the premises were fully and finally determined by the sheriff's return. Conceding this to be a contest between bidders only, we are, nevertheless, not prepared to say that there may not be cases in which the court might properly intervene to protect the rights even of such persons. But we are not called upon to decide a proposition exactly of this kind. On looking into the evidence, which, as is said by Mr. Justice MERCUR, in the case of Jackson *v.* Morter, 1 Norris 291, we may do, not, indeed, to revise the conclusion of the court as to the weight thereof, but to ascertain the ground of its action, we discover that the mover in the rule was the solicitor of the lien department of the delinquent tax office. As this sale, which the court set aside, was made upon a judgment obtained for the city, upon a claim for unpaid taxes due upon the property in controversy, we thus discover the contest to be between the judgment creditor and a bidder. That a court may intervene to protect such a creditor, where it has reason to believe that his rights have been compromised, either through mistake or fraud, is not doubtful. The solicitor bid in the property for a price sufficient only to cover costs, and, as he says, upon stepping up to the clerk's desk a few minutes afterwards, in order to sign and comply with the conditions of sale, he found Connelly had been ahead of him. Granting this to have been only a mistake, it is, nevertheless, obvious that if he is permitted to take the property the city must lose its opportunity of making its taxes by a re-sale of the premises, which it would otherwise possess. Now as judgment creditors and mortagees are often obliged to bid in property for the amount of costs, or costs and some previous lien, expecting to save themselves from loss by what they may afterwards realize from such property, we can easily see how important it is that a court should have and exercise just such a power as that put forth in this case, otherwise the creditor may be constantly exposed to the risk of losing his just debt by the trick or mistake of a bidder, backed by the sheriff.

Proceedings affirmed.