## HOLLAND ET AL. v. WHITE ET AL.

ERROR AND CERTIORARI TO THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued March 30, 1888—Decided April 30, 1888.

1. A motion to quash a writ of foreign attachment is addressed to the discretion of the court and the exercise of that discretion is not reviewable either on error or certiorari.

2. The testimony read on the hearing of the motion is no part of the record and cannot be made such by a bill of exceptions, so as to enable this court to pass upon its sufficiency to justify the order.

Before GORDON, C. J., PAXSON, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY and STERRETT, JJ., absent.

Nos. 306 and 307 January Term 1888, Sup. Ct.; court below, No. 97 December Term 1887, C. P. No. 3.

On November 23, 1887, a writ of foreign attachment in assumpsit was issued at the suit of Luther Holland, Luther P. Graves and G. B. Montgomery, partners as Holland, Graves & Montgomery, against C. A. White, W. D. Clarkson and D. H. Wellman, partners as White, Clarkson & Co. The writ was executed and service made upon the Penn. R. Co., Watson & Gillingham and John Morrison, garnishees, and returned nihil habent as to the P. & R. R. Co., garnishees, and the defendants.

On November 30, 1887, on motion in behalf of the defendants, who, however, did not appear to the record, a rule was granted to show cause why the writ of foreign attachment should not be quashed, on the ground that one member of the defendant firm was within the county at the time the writ was issued. Depositions were filed in support of and in opposition to the rule. From these depositions it was claimed on the part of the plaintiffs that the members of the defendant firm resided in New Haven, Conn., but had office room in Philadelphia to which they would come occasionally; that they had become embarrassed, owing the plaintiffs about $4,000, and that Graves, of the plaintiff firm, on November 21, 1887, went to New Haven, to see the defendants and if possible to obtain a preference from them; that Clarkson, of the defendant firm, informed Graves, at New Haven, that under the laws of Connecticut any preference or attachment, if made within sixty days before an assignment, would be set aside, but that the defendants had a quantity of lumber at Philadelphia, which he would wire their agent in Philadelphia to point out or "turn over" to the plaintiffs so that they could attach it and in this way get a legal preference; that Graves then hurried to Philadelphia, saw White, of the defendant firm, and told him of the arrangement with Clarkson; that White wired to New Haven for instructions, and under instructions received gave to the plaintiffs, the day before the attachment was issued, the numbers of the car-loads of lumber and where situated, in order that they might be attached by the plaintiffs, but declined to confess judgment or give up the bills of lading for the lumber; that White suggested to the plaintiffs to hurry up, otherwise the assignment which defendants were about to make would precede the attachment.

Under these facts, the plaintiffs maintained that the defendants were estopped by their own acts from taking the rule, and had waived any statutory right they had, by directing the issuance of the attachment.

On December 19, 1887, the rule to quash the writ was made absolute, the court, FINLETTER, P. J., filing no opinion.

Thereupon the plaintiffs took a writ of error to No. 306, and a certiorari to No. 307, assigning that the court erred:

1. In making absolute the rule to quash the attachment,

when it appeared by the depositions, which are a part of the record, that the defendants instructed the plaintiffs to issue this attachment in order to give the plaintiffs priority under the laws of Pennsylvania, by which action the defendants estopped themselves from taking a rule to quash the foreign attachment.

2. In granting a rule to quash this attachment, and considering the said rule, when there was no appearance of record for the defendants or any of them, as is required by the rules of the Common Pleas courts of Philadelphia county, which rules prohibit appearances de bene esse.

3. In making absolute the rule to quash the writ of foreign attachment, when it appeared by the depositions that the defendants were non-residents, and only one of them was in the city at the time of the issuing of the writ.

4. In quashing this writ of foreign attachment, as there is no defect apparent on the record.

*Mr. Lewin W. Barringer*, for the plaintiffs in error:

1. A party to an action cannot be allowed to approbate and reprobate, and where one has an election between two inconsistent courses of action he will be confined to that which he first adopts; and where he has taken a particular position deliberately in the course of a litigation he must act consistently with it: Bigelow on Estoppel, 4th ed., 642, 687; Daniels v. Tearney, 102 U. S. 415; Edwards' App., 105 Pa. 108; Vetter's App., 99 Pa. 55; Bush's App., 65 Pa. 367.

2. The defendants' attorney declined to appear for them upon the record and took this rule without any affidavit. Hence, as he moved to quash, not on the merits but for mere technicalities, we contend he has no standing and should not be heard: Brock v. Brock, 18 W. N. 123.

3. The provision of § 44, act of June 13, 1836, P. L. 580, that a writ of foreign attachment will not lie if the defendant be within the county when the writ is issued, applies only to a case where there is but one defendant. The language is, "if any person," etc. Moreover, it has been decided by this court, in construing this act, that such writ does not issue against co-partners when one is out of the jurisdiction and one within it, but applies only to a case where they are jointly liable but not

severally: White's Case, 10 W. 217. And further: we contend that the phraseology of the act under which the writ in this case issued, "not being within the county in which such writ shall issue at the time of issuing thereof," applies to a case where a defendant has no known residence in the county, because otherwise no writ could safely go out without the plaintiff first ascertaining that the defendant was not in the jurisdiction. It has been decided that though defendants were non-residents but had a place of business here and a clerk upon whom process could be served, foreign attachment was the proper remedy: Chase v. Ninth N. Bank, 56 Pa. 355. Besides: it is admitted that two members of the firm were non-residents and out of the jurisdiction; the attachment binds the firm assets as well as the interests of these two members; consequently, before this rule can be made absolute, the defendants must show that all three defendants were within the jurisdiction when the writ issued.

4. A rule to quash is a demurrer to the record, and can only be granted when there is error apparent on the face of the record. Depositions cannot be read in support of a rule to quash. A rule to quash is not a matter of discretion. It is a finality. It forcibly puts the plaintiffs out of court and ends their proceedings for matter appearing of record, thus differing from a rule to dissolve for cause shown dehors the record, which latter proceeding is a matter of discretion: Steel v. Goodwin, 113 Pa. 288, 292; Crawford v. Stewart, 38 Pa. 34; Continental N. Bank v. Draper, 89 Pa. 446; Pontius v. Nesbit, 40 Pa. 310. A rule to quash is identical with a rule to strike off and not a matter of discretion: O'Hara v. Baum, 82 Pa. 416, 420; Mitchell, Motions and Rules, 74–79; Huston Tp. F. Ins. Co. v. Beale, 110 Pa. 321.

5. If error is not the proper remedy, this being a statutory proceeding, certiorari is certainly the remedy to review the action of the court below in quashing the attachment: Wetherald v. Shupe, 109 Pa. 389; Parks v. Watts, 112 Pa. 4.

*Mr. Henry K. Fox,* for the defendants in error:

1. It is the settled law, that this court will not review the action of the court below in quashing a writ of foreign attachment, for the reasons: (1) That the quashing of the writ is a

matter addressed to the discretion of the court and no excep-
tions lie thereto; (2) That as the depositions are not part
of the record, and the record itself is regular in form, there is
nothing to review: Moyer v. Germantown R. Co., 3 W. & S.
91; Giddings's App., 81* Pa. 72; Brown v. Ridgway, 10 Pa.
42; Bain v. Funk, 61 Pa. 187; Lindsley v. Malone, 23 Pa. 28;
Walker v. Gibbs, 1 Y. 255; Miller v. Spreeher, 2 Y. 162; Ser-
geant on Attachment, 188; Shortz v. Quigley, 1 Binn. 224;
Penn. R. Co. v. Lutheran Cong., 53 Pa. 450; Union Canal Co.
v. Keiser, 19 Pa. 137; Commonwealth v. Nathans, 5 Pa. 124;
Gordonier v. Billings, 77 Pa. 502.

2. The case of McElroy v. Dwight, 7 Leg. Gaz. 313, is
almost identical with the present case. It was foreign attach-
ment. A rule was granted on affidavit filed, to quash the writ
on the ground that the defendant at the time of the beginning
of the suit was in the military service of the United States,
and depositions in support of the facts alleged were filed.
The rule was made absolute and on error the judgment was
affirmed.*

3. The defendants deny that any agreement was made by
which the plaintiffs were to have a preference. Thus the
question was one of fact, passed upon by the court below.
But the principle of estoppel contended for and the cases cited
are inapplicable. The defendants were not at any time in
court, and the cases cited apply wholly to inconsistent proceed-
ings by parties in the course of litigation. One of the defend-
ants was within the county when the writ issued. If this were
so, and the writ was improvidently issued, how is the doctrine
of estoppel applicable to the statutory remedy? Moreover, it
does not appear that it is essential to the quashing of the writ-
that the defendants should actually be in court. The stat-

_____

*The opinion of the Supreme Court was delivered February 3, 1862, by
THOMPSON, J., as follows: " We cannot review the action of the court
below in quashing the attachment upon a question of fact. The affidavits
are no part of the record and no bill of exceptions is allowed in practice
to bring them on the record, and that was what was decided in a case
almost precisely like this: Brown v. Ridgway, 10 Pa. 42, and to the same
effect are many of the cases cited by counsel for defendant in error, and
we know the practice is so. . . . We do not desire to be understood as
expressing any opinion on the ground taken below for quashing the writ
as that is not before us. Judgment affirmed."

ute makes no provision which obliges the defendants to enter an appearance: Burns v. Bowers, 3 W. N. 64.

4. Statutes, if penal, are to be strictly, and if remedial, liberally construed: Dwarris, Stat., 615 et seq.; Bouvier, L. D., 337. The construction which enlarges "person" into "persons," is the same which has prevailed without exception in the determination of cases within the act of 1836, where there was more than one defendant: Hauson v. Watson, 12 W. N. 368; Burns v. Bowers, 3 W. N. 64. The construction contended for would explode a mine under plaintiffs' feet, for if it were to apply to but a single defendant, they could not have had their writ.

5. It has always been the practice to read depositions upon the hearing of motions for summary relief, and the reasons therefor are given in Shortz v. Quigley, 1 Binn. 224. In such cases, the court may hear what evidence they please, to aid their judgment; and the record in this case discloses the fact that the court, after hearing the depositions, quashed the writ. No exceptions lie to the opinion of the court in so doing, nor to the depositions: Miller v. Spreeher, 2 Y. 162; Shortz v. Quigley, 1 Binn. 224; Gordonier v. Billings, 77 Pa. 502. But, though the plaintiffs contend that the depositions cannot be read in support of a motion to quash, yet their entire case is here sought to be made out upon the facts alleged to appear entirely within the depositions,—the fact that White was the only defendant in the county; that he is estopped from taking a rule to quash because he induced the plaintiffs to issue the attachment, etc.

It may be that the rule to quash is a finality, but the plaintiffs' remedy was defective under the statute, and they therefore cannot now complain.

OPINIONS, MR. JUSTICE WILLIAMS:

The proceeding in the court below, which the plaintiffs seek to review in this court, is an order quashing a writ of foreign attachment. A motion to quash a writ, like one to set aside the service or to amend a return, or to set aside a verdict, and the like, is addressed to the discretion of the court, and the exercise of that discretion is not reviewable on a writ of error. The affidavits or depositions on which the order is made are no

part of the record: Brown v. Ridgway, 10 Pa. 42. There is no method for excepting to their admission by bill, so as to get them upon the record. The power exercised in this class of cases is necessarily a discretionary one, and cannot be supervised by this court for that reason. As the record before us shows no judgment or decree to which a writ of error lies,

This writ is quashed.

The record brought up by the writ of certiorari in this case is brief and simple. It shows that a writ of foreign attachment was regularly issued at the suit of the plaintiffs in error against the defendants in error, and the sheriff's return thereon. It also shows a motion to quash, and the order of the court below quashing the writ. Beyond this we have nothing on the record. The assignments of error relate to the action of the court in making the order quashing the attachment, and allege that the evidence before the court was insufficient to justify the order. But the evidence is not before us. It is true that it is printed in the paper-book of the plaintiffs in error, but as it is no part of the record, we cannot look into it: Brown v. Ridgway, 10 Pa. 42; Bain v. Funk, 61 Pa. 185. It was taken not to be submitted to a jury, but simply for the information of the court upon a motion for summary relief addressed to the discretion of the court. No bill of exceptions can be taken to its admission in such a case: Bain v. Funk, supra.

If the evidence could be treated as properly before us, still we could not consider the assignments of error, for the evidence was received by the court in a matter resting entirely in its discretion. We cannot review the ordinary exercise of discretionary powers by the court. If we should attempt that, there would be no discretionary power left to the lower courts. In disposing of exceptions to the service of a writ of summons or attachment, in the continuance of causes, and in many other things, this power of the court is indispensable to the proper conduct of the business before it. As was said by GIBSON, J., in the Union Canal Co. v. Keiser, 19 Pa. 137, motions addressed " to the discretion of a judge are determinable by him exclusively, for we would be incompetent to judge how far he ought to have believed the witnesses." But the precise point raised by the plaintiffs in error has been distinctly ruled against

them by this court, and it has been held that the action of the court below on a motion to quash a writ of foreign attachment is not the subject of review: Lindsley v. Malone, 23 Pa. 24; Brown v. Ridgway, 10 Pa. 42.

Confining our attention to the record before us, and we cannot look beyond it, we see no error appearing upon it, and none has been suggested to us.

The proceedings of the court below are therefore affirmed.