# Lytle v. M'Cune, Appellant.

*Practice, C. P.—Service—Luring into jurisdiction—Waiver.*

Where a service regular on its face is sought to be set aside on the ground that the defendant was fraudulently lured into the jurisdiction, and two rules have been taken for that purpose, but both discharged, and the defendant then pleads, files a bill of particulars, and goes to trial, without excepting to the orders of the court discharging his rules, and without reserving his right to except to the service, he will be deemed to have waived his objection to the service and to have submitted himself to the jurisdiction of the court.

Doubted whether the refusal to set aside the service of a summons upon an allegation of facts outside the record is assignable for error.

Argued April 16, 1902. Appeal, No. 80, April T., 1902, by defendant, from order of C. P. No. 3, Allegheny Co., Aug. T., 1900, No. 312, discharging rule to set aside summons in case of H. M. Lytle v. Adley C. M'Cune. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for slander.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order refusing rule to set aside summons.

*George M. Hosack,* with him *John A. Murphy, McDonald & Cray* and *S. R. Huss,* for appellant.—We contend that the court erred in entering the decrees discharging said rules, because there was such fraud and abuse of process as shown by defendant's petitions, and not contradicted by plaintiff, in the manner of service of the writ on defendant as to confer no jurisdiction on the court below over the defendant in this case: Reed v. Williams, 5 Dutch. 385 ; Union Sugar Refinery v. Mathiesson, 2 Cliff. 304 ; Carpenter v. Spooner, 2 Sandf. 717 ; Metcalf v. Clark, 41 Barb. 45 ; Hevener v. Heist, 9 Phila. 274 ; Hostetter v. Hirsch, 14 Lanc. Law Rev. 110 ; Fry v. Gheen, 14 Lanc. Law Rev. 112 ; Coleman's App., 75 Pa. 411.

*William Yost,* for appellee.—The assignments of error relate exclusively to the refusal of the court of common pleas to set aside the service of the summons in this case ; and it appears by the record that after the refusal to set aside such service, defendant's attorneys accepted service of a rule to plead, entered a plea of " not guilty," filed a bill of particulars, went to trial upon the merits, presented points of law to the court, and thereby the defendant submitted himself to the judgment of the court: Jeannette Borough v. Roehme, 9 Pa. Superior Ct. 33 ; 197 Pa. 230 ; Philadelphia v. Adams, 15 Pa. Superior Ct. 483.

OPINION BY RICE, P. J., July 10, 1902:

The assignments of error relate exclusively to the refusal of the court to set aside the service of summons, which, as shown by the return, was regular and valid, but which, as claimed by the defendant, was obtained by inducing him by false representations to come within the jurisdiction of the court so that process might be served upon him. It appears by the record that after the first rule to show cause why the service should not be set aside was discharged, the plaintiff filed his statement and entered a rule upon the defendant to plead, and that his attorney accepted service of notice of this rule. Subsequently

the defendant obtained another rule to show cause why the service should not be set aside, and after it was discharged pleaded the general issue, filed a bill of particulars, and went to trial before a jury, in which he called witnesses and presented points for charge. No exception to either of the orders above referred to was entered and no bill of exceptions was sealed until after this appeal was taken and the record had been removed to this court. We are all of opinion that by this action the defendant must be held to have waived his objection to the service and to have submitted himself to the jurisdiction of the court: Lycoming Fire Ins. Co. v. Storrs, 97 Pa. 354; Jeannette Borough v. Roehme, 9 Pa. Superior Ct. 33; 197 Pa. 230; Philadelphia v. Adams, 15 Pa. Superior Ct. 483; 1 P. & L. Dig of Dec. col. 1154. The case is plainly distinguishable from Coleman's Appeal, 75 Pa. 441, for there the absolute invalidity of the service appeared by the record, and after the defendant's motion to set it aside had been refused, he appeared de bene esse, reserving all exceptions to the order and service, and under rule answered under similar reservation. Here there was nothing on the record to show that the defendant did not acquiesce in the ruling and willingly submit himself to the jurisdiction of the court.

Moreover there is grave doubt whether the refusal to set aside the service of a summons upon an allegation of facts outside the record is assignable for error. The principles which control in case of foreign attachment would seem to apply. See Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187, and cases there cited, especially the opinion of Mr. Justice WILLIAMS in Holland v. White, 120 Pa. 228; also Bellah v. Poole, 202 Pa. 71.

The assignments of error are overruled and the judgment is affirmed.