## Wolf v. Dietz.

*Foreign attachment—Residence of defendant—Temporary absence.*

1. Foreign attachment is a remedy against debtors who are absent and non-resident.

2. Mere absence of a debtor from this State while engaged in business will not render his property liable to foreign attachment, unless it appears from the circumstances that his removal from the Commonwealth was with an intention of remaining and obtaining a residence.

3. A resident of the Commonwealth who sold his home and took up his residence with his daughter in the same town, where he kept his personal belongings in a room reserved for him, and subsequently worked in different states and was on his way by automobile to his home with his daughter at the time a foreign attachment was issued, is not subject to such attachment.

4. A rule to quash a writ of foreign attachment is the remedy for defects or irregularities appearing on the face of the record; but this remedy may be used to attack the jurisdiction of the court where the want of jurisdiction is shown by depositions.

Rule to show cause why writ of foreign attachment should not be quashed. C. P. York Co., April T., 1926, No. 178.

*J. E. Small,* for rule; *S. B. Meisenhelder,* contra.

Stock, J., Oct. 24, 1927.—On March 25, 1926, plaintiff issued a writ of foreign attachment against defendant, attaching certain property of the defendant in the hands of Chauncy Strong and summoning him as garnishee. Subsequently, a rule was granted on plaintiff to show cause why the writ of foreign attachment should not be quashed. Depositions were taken in support of said rule. The depositions established these facts:

Defendant, H. S. Dietz, was born in York County and lived in said county during his entire life. In September, 1925, defendant sold his home, in the Borough of Hallam, York County, and took up his residence with his daughter, in said Borough of Hallam. At the time he moved to his daughter's residence he took with him his bed, clothes, trunk, papers and other personal belongings. After remaining there three weeks, he went to Florida to hunt employment. After working in Florida at different places, he returned to his home in Hallam the latter part of March, 1926. At the time the writ of foreign attachment was issued he was on his way home from Florida, returning by automobile. Subsequently, defendant worked in New York City and in Philadelphia, returning each time to his daughter's home in Hallam. During all of this time he kept his personal belongings at his daughter's home in a room reserved for him.

Defendant, H. S. Dietz, was a resident of this county at the time the writ was issued.

Foreign attachment is a remedy against debtors who are absent and non-resident. Mere absence of a debtor from this State while engaged in business will not render his property liable to foreign attachment, unless it appears from the circumstances that his removal from the Commonwealth was with

Wolf v. Dietz.

an intention of remaining and obtaining a residence: Fuller v. Bryan, 20 Pa. 144. His residence in this State continues until he has obtained another place of abode with the intention of remaining in it: Reed's Appeal, 71 Pa. 378.

A rule to quash a writ of foreign attachment is the remedy for defects or irregularities appearing on the face of the record: Steel v. Goodwin, 113 Pa. 288. But this remedy has been used to attack the jurisdiction of the court where the fact of waht of jurisdiction was established by depositions; as where a defendant was within the county at the time the writ was issued: Holland v. White, 120 Pa. 228.

And now, to wit, Oct. 24, 1927, rule to show cause why the writ of foreign attachment should not be quashed is made absolute, and the writ is quashed, at the costs of the plaintiff.          From Richard E. Cochran, York, Pa.