Yeates
2 Y   162
202    73

JAMES MILLER and WILLIAM MILLER plaintiffs in error *against*
GEORGE SPREEHER.

Writ of error will not lie, on the dissolution of a foreign attachment by the court below ;
nor on many summary proceedings, as discharging a defendant on common bail,
moderating bail, &c.

WRIT of error to Cumberland county. The plaintiffs issued a
foreign attachment against the defendant to October term 1792.
Thomas Weistar issued a domestic attachment against him to April
term 1793, and obtained a rule to show cause why the first attach-
ment should not be set aside. On the 30th September 1793, the
court on argument, dissolved the foreign attachment. Certain de-
positions accompanied the record, showing that the defendant lately
before lived and kept store in the county of Cumberland, and occa-
sionally had traded to Virginia ; and that at the time of levying the
foreign attachment, his store aforesaid was actually kept open.

The court expressed their doubts, whether the writ of error was
maintainable in the present case.

Messrs. Thomas and Finney, for the plaintiffs. The plaintiffs
are without remedy, unless this court will re-examine the judgment
below; it only can be reviewed in this mode. Wherever the
record is complete, error will lie. Cro. El. 636. Ca. Lit. 288 *b*.
11 Co. 41. *a*. The dissolution of the foreign attachment is a final
judgment, and precludes the plaintiffs from proceeding in their
suit. The act of 1721, " for establishing courts of judicature in
this province, " gives this court " full power to examine and cor-
rect all and all manner of errors of the justices and magistrates of
this province, in their judgments, process and proceedings in the
said courts, " &c., which words seem sufficiently general and com-
prehensive to include the case now in question.

The court stopped Mr. Rawle, who was proceeding on the part
of the defendant ; and said, they were fully satisfied the writ of
error would not lie.

There are many summary proceedings, on which error is not
maintainable, as in the cases of a judge or court discharging a de-
fendant on common bail, moderating bail on a *capias* and re-
ceiving the justification of bail, &c. So in the case of a privi-
ledged person held to bail on an arrest. Suppose the Court of
Common Pleas should make a most material alteration, instead
of an amendment, in the record, and take no notice thereof in
their proceedings, what remedy would the party injured have ?

If a ship going to sea was attached, and the attachment dissolved for want of showing good cause of bail in pursuance whereof she leaves the port, is the cause of action inquirable into in the superior court ? A number of similar instances may be put, where injustice might possibly happen, and yet the party be without remedy, in the usual constitution of the courts. The same point was determined in this court some years ago between Baron v. Hoare, and we see no reason for adopting a different decision in the present case.

Writ of error quashed.

Smith, J. gave no opinion, having determined the case as president of the Court of Common Pleas of Cumberland county.

---

Lessee of WILLIAM PATTERSON and JOSEPH GALLOWAY, *against* JACOB HAGERMAN and MICHAEL ROSS.

A nominal defendant in ejectment, who afterwards assigns his interest to a co-defendant and quits the possession, being released from all liability, may with his own consent, be examined as a witness for the plaintiff.

MOTION for a new trial, on account of the admission of an incompetent witness for the plaintiff. The cause was tried at Sunbury, before M'Kean Chief Justice and Smith Justices in May assizes last. The Chief Justice now stated the case, on which the defendant's objection was grounded.

The ejectment was commenced against Hagerman alone before the revolution, who claimed under Samuel Wallis. Wallis had executed an obligation to him (but not to his assigns) conditioned to make him a good conveyance, dated 23d December 1771. On the 22d August 1789, Hagerman assigned the bond to Ross, who was afterwards made a co-defendant in the action, and Hagerman was released from all further liability to Wallis, and quitted the possession of the premises.

Hagerman was offered at the trial as a witness on the part of the plaintiff, with his free and full consent; but was excepted to by Ross. The judges who tried the cause, were of opinion, that his testimony might be received. Because, 1st. It did not tend to invalidate or contradict either his assignment of the bond with a collateral condition, or the bond itself; and therefore did not affect any instrument to which the witness was a party. 2dly. Hagerman at the time of the action brought and when issue was joined, was the sole tenant in possession and concerned in interest; but having fifteen years afterwards transferred his pretentions to Ross, quitted the possession of the premises, and been released by Wallis,