*399 The Chief Justice delivered the opinion of the court.
The return made by the Court of Common Pleas of the county of Middlesex, to the writ of certiorari in this case, con trains a transcript of a judgment of amercement in that court, signed 21st December, 1826, against the sheriff of that county, for failure to bring in the body of Richard Green, who had been arrested on a ampias ad respondendum in debt, at the suit of Aaron P. Wright, and had neglected to put in special bail within the time required by law. Then follow a copy of .a rule in March term 1827, entered at the instance of the defendant, Green, to shew cause why the amercement should not be set aside, and he be permitted to file special *bail; and a copy of a rule of September term, 1827, [*337 making absolute the rule to shew cause, setting aside the amercement and permitting the defendant to come in and file special bail; and a copy of another rule of the same term that the defendant be discharged on common bail. A state of the case agreed upon by the parties, adds, that the defendant on his arrest being unable to give bail to the sheriff, deposited with the latter $400 in cash, and a gold watch and seal; that during the December term, the sheriff was informed by the attorney of the defendant, that he was imprisoned in Philadelphia, and could not attend, and was requested to file special bail for him; that in September term, on the argument of the rule to shew cause, the attorney of the defendant produced in evidence, an exemplification of a discharge of the defendant, as an insolvent debtor, under the laws of the State of Pennsylvania, on the 3d of January, 1827, by the Court of Common Pleas of the City and County of Philadelphia, on a petition presented on the 14th of December, 1826; and that the rules setting aside the amercement and discharging the defendant on common bail, were made on the same day, and both on the motion of the defendant.
*400 The plaintiff below, also plaintiff in certiorari, assigns for error, the setting aside of the amercement and the discharge on common bail.
First, as to the rule for discharge 'on common bail. It appears to be well settled that in making such discharge, although irregular, and without sufficient ground, error is-not assignable ; and that this court cannot, for such alleged error, review the determination of the inferior court either by certiorari or by writ of error. The rule of law, and the reason of it, are well laid down by Yea tes, Justice, in Shortz v. Quigley, 1 Binney, 226.. “It will not lie upoh every opinion of the court delivered in the progress of the cause, as in discharging on common bail, or directing the quantum of bail.” “ The law confides the exclusive order and direction in such cases, to the legal discretion and judgment of the court having jurisdiction over the subject matter; and courts of error Will not deem themselves at liberty to review the same.”
Secondly, as to the rule setting aside the amercement-Though not, perhaps, equally obvious, because not equally *338] common yet *here also the same principle operates, and the same rule applies. So much of discretion is involved in the-opening or setting aside a judgment, that as in other analogous cases, where those circumstances which properly govern and guide the determination of the court, are scarcely susceptible of being fully and intelligently exhibited on paper so as to become the subject of review, the law has wisely resolved there is less of evil in leaving uncorrected errors which may occasionally occur, than in attemping to correct them. Chancellor Kent said, in Clason v. Shotwell, 12 John. 49, “ There seems to be no position more uniformly admitted than that error will not lie in a matter resting in discretion. It is upon this ground that applications for new trials, or for setting aside defaults and judgments; or for-changing the venue, or for time to plead or to withdraw or amend a plea ;■ or to hold to special bail; or to relieve or *401 mitigate bail, or to award or deny a mandamus or a procedendo; and applications on numberless other points arising in the progress of the suit, or in the ordinary details of the administration of justice, cannot be reviewed by a writ of error.” He farther remarks, what is very applicable to the case before us. “ There is no precedent in the boobs of a writ of error in any such case, and this affords a strong presumption in law that no such writ will lie. It is inconceivable that there should not be one instance to be found of error brought upon any of the numerous acts of discretion almost daily exercised by the courts, if it had been understood that error could have been sustained. The silence of the law on this point, is eloquence itself.” In the case of Shortz v. Quigley, Justice Yeates said, he remembered “ an instance wherein the propriety of dissolving a foreign attachment, and of sustaining a domestic attachment, was attempted to be questioned on a writ of error, but was refused, though the facts had been stated by consent on the record.” The case is reported in 2 Yeates, 162. In Phillips v. Phillips, in this court, in September, 1824, a writ of certiorari was quashed, which brought here an order of the Court of Common Pleas of the county of Hunterdon, setting aside, at the instance of certain creditors of the defendant a judgment entered against him upon a cognovit actionem. By the counsel moving to quash, it was insisted the matter was not roviewable, and if it were, a certiorari was not the proper *writ. On which, or whether on both grounds, the [*339 writ was quashed, does uot appear in the report; 3 Hoist. .122. The determination of this court was afterwards affirmed in the Court of Appeals. In Saxton v. Geary, on certiorari, it appeared there had been judgments and executions in favor of several persons against Geary, and bis property was sold by the sheriff. Saxton having the youngest execution, obtained a rule to shew cause why the money raised should not be paid to him. The Court of Common Pleas, upon hearing argument, being of opinion that he was *402 entitled to the preference, made absolute the rule to shew cause, and ordered the sheriff to pay, in the first place, his execution. The older creditors being dissatisfied, sued out a certiorari; which was quashed at September, 1824.
I am of opinion, the alleged errors of the Court of Common Pleas, in setting aside the amercement, and discharging upon common bail, are not examinable here, and that the writ of certiorari be quashed with costs.