Philadelphia & Reading R. R. *v.* Snowdon, Appellant.

| 161 | 201 |
| 202 | s 73 |
| 161 | 201 |
| f 32 SC ³187 |

*Foreign attachment—Judgment—Appeal—Practice, S. C.*

Where a judgment has been entered in foreign attachment against the defendant for want of a sufficient affidavit of defence, the proper remedy of defendant is by appeal, and not by motion to strike off the judgment.

*Foreign attachment—Affidavit of defence—Act of May 25, 1887.*

It seems that under the procedure act of 1887 it is a grave question whether an affidavit of defence may not be required after the proceeding by foreign attachment has been converted into an action of assumpsit by a general appearance for the defendant.

*Appeal—Final judgment—Foreign attachment.*

The refusal of the court below to set aside the return to a writ of foreign attachment and to quash the writ is not a final judgment and is therefore not the subject of an appeal.

Argued March 30, 1894.　Appeal, No. 304, Jan. T., 1894, by defendant, William H. Snowdon, from order of C. P. No. 1, Phila. Co., March T., 1893, No. 10, discharging rule to quash return in foreign attachment, and to set aside judgment. Before GREEN, WILLIAMS, MCCOLLUM, MITCHELL and FELL, JJ. Appeal quashed.

Rule to quash return and set aside judgment in foreign attachment.

From the record it appeared that, on Dec. 13, 1892, the Philadelphia & Reading Railroad Co. commenced an action in C. P. No. 1, of March T., 1893, No. 10, against W. H. Snowdon, to recover the amount of a debt of Snowdon & Rau, by issuing a writ of foreign attachment against certain real estate of the said W. H. Snowdon, he being a resident of New Jersey. To this writ the sheriff made the following return: " Attached as within commanded, Dec. 17, 1892, at 10 A. M., certain real estate, described in a certain paper hereto annexed and marked ' A,' by going to Dillwyn and Willow streets, and then and there, in the presence of R. Henry, a creditable person of the neighborhood, attaching and declaring that I attached the said real estate and also all the goods and chattels, moneys, credits, legacies, and interests of the within named defendant, in the hands, possession or control of Frank C. Schaefer, and sum-

moned on the same day, and at the same time, the said Frank C. Schaefer as garnishee, by giving to him a true and attested copy of the within writ and making known to him the contents thereof, said Frank C. Schaefer being the tenant in possession of premises described in said paper as No. 1 and 2, and holding under the defendant.

" A description I have filed in the office of the prothonotary,. December 21, 1892, and nihil habet as to defendant, also nihil habet as to Sarah R. Snowdon, 'garnishee,' so answers," etc.

On Feb. 22, 1893, defendant therein entered a rule on plaintiff to show cause of action and why the foreign attachment should not be dissolved. On March 2d, an affidavit of the cause of action was filed, and after argument the rule was, on March 10th, discharged. On May 27th, a general appearance was entered for defendant, and on July 6th plaintiff filed his statement of claim. On July 15th, defendant entered a rule to set aside and quash the foreign attachment, which rule was, on July 22d, revoked, and defendant on the same day filed an affidavit of defence. On Sept. 18th, a rule was taken for judgment for want of a sufficient affidavit of defence, which was. made absolute Sept. 23d, and damages assessed. On Nov. 20th,. a fi. fa. was issued against the real estate attached, and the garnishee, on Dec. 1st, entered a rule to show cause why the judgment should not be set aside and the fi. fa. quashed. On the hearing of the rule, Dec. 23, 1893, the court permitted the rule to be amended by adding "foreign attachment quashed and return set aside," and the rule as thus amended was, on Dec. 28, 1893, discharged. Defendant appealed.

*Error assigned* was discharge of rule (*a*) to quash return to foreign attachment; (*b*) to set aside and quash foreign attachment; (*c*) to set aside judgment entered for want of sufficient affidavit of defence; (*d*) to quash fi. fa.

*James Rich Grier*, for appellant.—A scire facias should have been issued, and the amount of damages ascertained by a jury: Strock v. Little, 45 Pa. 416 ; Carland v. Cunningham, 37 Pa. 228 ; McCullough v. Grishobber, 4 W. & S. 202 ; Fisher v. Consequa, 2 W. C. C. R. 382 ; Clark's Executors v. Wilson, 3. W. C. C. R. 560.

Plaintiff's cause of action and claim are not within the affidavit of defence law: Act of May 25, 1887, P. L. 272; Grant v. Hickox, 64 Pa. 334.

The remedy by foreign attachment being a special and extraordinary proceeding, all the requirements of the statute relating thereto, and the mode of enforcing it prescribed by the act, must be strictly pursued: Act of June 13, 1836, P. L. 580; Bryan v. Trout, 90 Pa. 492; Sterrett v. Howarth, 76 Pa. 438; Jenks v. Wright, 61 Pa. 410; Penna. R. R. v. Pennock, 51 Pa. 244; Hayes v. Gillespie, 35 Pa. 155; Drake on Attachments, 205; Lambert v. Challis, 35 Pa. 156.

If the return fails to show a compliance with the requirements of the statute, the service will be quashed: Sterrett v. Howarth, 76 Pa. 438; Connell v. Godfrey, 22 Pitts. L. J. 136; Hunter v. Clarke, 16 W. N. 558; Draha v. Baker, 5 Ark. 509; Gibson v. Wilson, 5 Ark. 422.

And where, after a return has been made, as was made in this case, and judgment has been entered by default, against either defendant or garnishee, it will be reversed on error: Bryan v. Trout, 90 Pa. 492; Noble v. Thompson Oil Co., 79 Pa. 354.

*John G. Lamb* and *Thomas Hart,* for appellee, not heard, cited: Holland v. White, 120 Pa. 228; Post v. Wallace, 110 Pa. 121; Huston Township v. Beale, 110 Pa. 321; Robison v. Trench, 22 W. N. 143; Strock v. Little, 45 Pa. 416; Benwood Ironworks v. Hutchinson, 101 Pa. 359; Bennethum v. Bowers, 133 Pa. 332; Allen v. Allen, 23 W. N. 371; Hubbard v. Dorman, 7 Pa. C. C. R. 384; Smith v. Eyre, 26 W. N. 314.

PER CURIAM, April 16, 1894.

A judgment having been entered against the defendant for want of a sufficient affidavit of defence, the proper remedy of the defendant was by appeal and not by a motion to strike it off. We cannot go into the merits of the contention upon such a motion. Presumably that subject was duly considered by the court below before the judgment was entered. Under the procedure act of 1887 it is a grave question whether an affidavit of defence may not be required after the proceeding by foreign attachment has been converted into an action of assumpsit by a general appearance for the defendant. But whether it is

or not the remedy is by appeal. Motions to strike off a judgment ordinarily are not allowed unless the record shows that the judgment was irregular or void.

The refusal of the court below to set aside the return to the writ of foreign attachment and to quash the writ is not a final judgment and is therefore not the subject of an appeal. The truthfulness of the sheriff's return of service of the writ of foreign attachment cannot be inquired into in this proceeding when the return is regular on its face as it is here. If the return was false the remedy is by an action for a false return.

Appeal quashed.