## Bellah *v.* Poole, Appellant.

202      71
20 SC  596

202      71
26 SC  ¹635

*Foreign attachment—Appeals—Refusal to quash writ.*

The refusal of the court below to quash a writ of foreign attachment is not a final judgment, and is therefore not subject to an appeal.

On a rule to quash a writ of foreign attachment neither the testimony taken under the rule, nor the opinion of the judge in refusing to quash the writ, is a part of the record, and on certiorari neither can be considered by the appellate court.

Argued Feb. 11, 1902.   Appeal, No. 301, Jan. T., 1901, by
defendant, from order of C. P. Delaware Co., Dec. T., 1900,
No. 217, discharging rule to quash foreign attachment in case
of Edward T. Bellah, to use of Thomas S. Bellah, to use of
Charles F. Sherburne v. Millard T. Poole.   Before MITCHELL,
DEAN, FELL, MESTREZAT and POTTER, JJ.   Appeal quashed.

Rule to quash writ of foreign attachment.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*E. A. Howell*, with him *DeForrest Ballou*, for appellant.

*W. Roger Fronefield*, for appellee, was not heard, but in his
printed brief said: The refusal of the court below to quash a
writ of foreign attachment is interlocutory and not reviewable:
Lindsley v. Malone, 23 Pa. 24; Phila., etc., R. R. Co. v. Snow-
den, 161 Pa. 201; First Nat. Bank v. Crosby, 179 Pa. 63.

OPINION BY JUSTICE MESTREZAT, March 3, 1902:

This is an appeal by the defendant from the refusal of the
court below to quash a writ of foreign attachment.   He alleges
that at the impetration of the writ he was and has since been a
resident of this state.

The writ was issued in the court of common pleas of Del-
aware county on January 30, 1901, and was returnable the first
Monday of the following March.   Bail in $1,600 was required.
The writ was executed by the sheriff on the day it was is-
sued by attaching certain property of the defendant in the
city of Chester.   On January 31, 1901, the plaintiff filed his
statement, and on the same day the defendant gave bond in the
sum of $1,600 conditioned for the payment of the debt, charges,
interest and costs that might be recovered against him in the
action and the attachment was dissolved.   No formal appear-
ance was entered for the defendant.   On February 14, 1901,
the defendant filed an affidavit alleging that at the time the
writ was issued he was a resident and a citizen of Pennsylvania
and obtained a rule to quash the writ on that ground.   No
answer to this rule was filed by the plaintiff, but he requested

the court to discharge the rule for the reasons, (1) that the defendant was a resident of the state of Delaware, and (2) that if he were a resident of Pennsylvania he waived his right to raise that question by giving bond to dissolve the attachment. Testimony was taken before the trial judge on the rule to quash the writ. The court below discharged the rule, and, on this appeal, that order of the court is assigned for error.

The appellee has moved this court to quash the appeal on the ground that the order of the trial court refusing to quash the writ of foreign attachment is not reviewable. This motion must prevail under the settled practice of this court. In Lindsley v. Malone, 23 Pa. 24, which was a foreign attachment, the defendant entered a conditional appearance and obtained a rule on the plaintiff to show cause why the writ should not be quashed on the ground that he was a resident of the state when the writ was issued. Evidence was heard in support of the rule which, however, was discharged by the court. On a writ of error to this court, it was held that the action of the court below was not the subject of review by the Supreme Court. KNOX, J., delivering the opinion, observed that " as there is no bill of exceptions to evidence on a motion for summary relief, the refusal of the district court to quash the writ cannot be reviewed here," citing Miller v. Sprecher, 2 Yeates, 162, Hortz v. Quigley, 1 Binn. 222, and Brown v. Ridgeway, 10 Barr, 42. To the same effect are Philadelphia & Reading Railroad Co. v. Snowden, 161 Pa. 201, and First National Bank v. Crosby, 179 Pa. 63, in the former of which it is said in the opinion that " the refusal of the court below to set aside the return to the writ of foreign attachment and to quash the writ is not a final judgment, and is therefore not subject to an appeal."

This appeal is a substitute for a certiorari and on it we can consider nothing outside the record. The testimony taken by the learned trial judge and on which he acted in refusing to quash the writ cannot be brought on the record by a bill of exceptions, and hence it is not before us. Neither is the opinion of the judge in which he assigns his reasons for refusing to quash the writ a part of the record. We review the action of the court below only so far as it is shown by the record and that discloses no error.

We are compelled to allow the motion of the appellee and quash the appeal.

Appeal quashed at the cost of the appellant and the record is remitted with a procedendo.