Wallis v. Mulligan, 20 N. M. 328.

[No. 1748, March 30, 1915.]
## WALLIS v. MULLIGAN.
[On Motion for Rehearing, May 14, 1915.]

### SYLLABUS BY THE COURT.

1.   Under the provisions of subsection 134 of section 2685, Comp. Laws 1897, the trial court is precluded from entertaining a motion to set aside findings or judgment, rendered out of term time, where the motion is not filed and a copy thereof served upon the opposite party within 10 days after the entry of such finding or judgment.      P. 331

2.   The proviso to section 37, c. 57, Laws of 1907, does not dispense with the necessity of calling the attention of the trial court in some manner to the claimed error, and seeking there the correction of the same. Held, that where no objection or exception is interposed to the findings of fact made by the trial court, or other or different findings requested, the appellate court will not review the question as to whether such findings are sustained by the evidence.

P. 331

### ON MOTION FOR REHEARING.

3.   Subsection 134, of section 2685, C. L. 1897, was repealed by chapter 26, Laws 1905.

P. 334

4.   For errors of law occurring upon the trial of a cause the party's remedy is by motion for a new trial, or appeal or error, and not by motion to vacate the judgment.

P. 334

Appeal from District Court, Luna County; Neblett, Judge.

Action by Albert Wallis against John Mulligan. From judgment for plaintiff, defendant appeals. Affirmed, and rehearing denied.

W. H. WINTER of El Paso, Texas, for appellant.

Wallis v. Mulligan, 20 N. M. 328.

If the court's findings were unsupported by the evidence, or if a fact material to a finding upon which the judgment is based is unsupported by evidence, the judgment will be reversed.

Brooks v. Clifton, 22 Ark. 54; Hedge v. Williams, 63 Pac. (Cal.) 721; Standard Co. v. Windham Bank, 42 Atl. (Conn.) 1006; Wiley v. Kelsey, 13 Ga. 223; Ray v. Faulkner, 73 Ill. 469; Watts v. Julian, 23 N. E. (Ind.) 698; Union Pac. R. Co. v. Convers, 4 Kan. 206; Moore v. Hutchinson, 69 Mo. 429; Sandige v. Hill, 76 Mo. App. 540; Akerman v. Akerman, 84 N. W. (Neb.) 598; Stamm v. Albuquerque, 62 Pac. (N. M.) 973; De Garcia v. Lozano, 54 S. W. (Tex.) 280.

The rule that the appellate court will not disturb findings of fact made by a trial court unless palpably wrong, does not apply because the evidence was not taken before the court but is documentary.

Fuller v. Arnold, 28 Pac. (Cal.) 863; Reynolds v. Snow, 8 Pac. (Cal.) 27; So. R. Co. v. Posey, 124 Ala. 486, 26 So. 914; Johnson v. Cummings, 60 Pac. (Ariz.) 870; Chamberlain v. Woodin, 2 Idaho, 609, 23 Pac. 177; Roe v. McCaughan, 85 N. W. (Ia.) 21; U. S. v. Puleston, 106 Fed. 294.

A complaint in an action on a contract which does not state the time at which the defendant should have performed is bad on demurrer.

Beach v. R. R. Co., 52 Atl. 231.

In an action for the breach of a contract the plaintiff must allege a promise on the part of the defendant, and the appellee having failed to allege that appellant agreed to handle the 75,000 yards the demurrer of appellant should have been sustained.

Hotchkiss v. Judd, 12 Allen (Mass.) 447; McNulty v. Collins, 7 Mo. 69; Brewer v. Swartz, 94 Mo. App. 392; Weber v. Squier, 51 Mo. App. 610; Gerrens v. Mining Co., 10 Nev. 137.

WILSON & WALTON and H. D. TERRELL of Silver City, for appellee.

Findings based on substantial evidence will not be disturbed by the court.

Lockwood v. Mining Co., 16 N. M. 224; Candelario v Miera, 13 N. M. 360; Hicks v. Territory, 6 N. M. 596, Lynch v. Grayson, 7 N. M. 26; Territory v. Trujillo, 7 N. M. 43; Lyons v. Kitchell, 124 Pac. 213.

No error in refusal of court to set aside findings. The objection to the findings came too late.

Sec. 134, Code.

### OPINION OF THE COURT.

ABBOTT, District Judge.—This action was instituted in the court below by appellee against the appellant to recover damages for an alleged breach of contract. After the issues were framed, a referee was appointed by the court, by consent of the parties, to take the evidence and report findings of fact and conclusions of law. After taking the evidence the referee conceived that he was disqualified, for reasons not necessary to state, from acting in the case, whereupon he reported the evidence taken to the court without findings made or conclusions of law stated. The parties then asked the court to make findings upon the evidence and to state conclusions of law. This the court did on the 24th day of April, 1914, said findings being duly filed in the clerk's office on that date. On the 29th day of April, thereafter, additional and supplemental findings were made by the court, upon due notice given to counsel for appellant. No objections or exceptions were interposed by appellant to the proposed findings of the court, nor was any request made by appellant for other, different, or additional findings. On the 9th day of May, 1914, judgment was entered on said findings of fact and conclusions of law in favor of appellee for the sum of $2,856.68, and execution was ordered issued upon said judgment. Thereafter, on the 23d day of June, 1914, a notice and motion to recall execution and to set aside the findings of fact and vacate the judgment was filed by appellant. The motion was overruled by the court, and appellant appealed.

[1] The first contention urged here is that the court erred in overruling appellant's motion to set aside the findings and judgment and recall the execution. The recall of the execution was, of course, dependent upon the vacation of the judgment, and the only question for determination here is whether the court properly refused to set aside the findings and judgment. The judgment was rendered out of term time, and the motion to set aside was properly overruled.

Subsection 134, § 2685, C. L. 1897, provides:

"No motion to set aside any finding or judgment rendered out of term time shall be entertained unless it shall be filed and a copy thereof served upon the opposite party within ten days after the entry of such finding or judgment."

As appellant's motion to set aside the findings and judgment was filed more than 10 days after the entry of the same, the court, under the statute, could not entertain the same.

[2] It is here objected that certain of the material findings of fact are not supported by the evidence. In the trial court, however, no objections were interposed to the findings made by the court, no request for other or additional findings was made, nor was any exception taken to any of the said findings of fact, except the objections urged in the motion to vacate, which, as we have seen, could not be considered by the court because not filed within the time required by the statute. The universal rule is that:

"In the absence of exceptions, the reviewing court will not consider whether the findings are sufficiently specific or not, or whether the findings are supported by the evidence." 2 Cyc. 728.

Appellant insists, however, that this rule does not apply in this jurisdiction, because of the proviso to section 37, c. 57, Laws of 1907, which section reads as follows:

"Exceptions to the decision of the court upon any matter of law. arising during the progress of a cause must be taken at the time of such de-

cision and no exceptions shall be taken in any
appeal to any proceeding in a district court ex-
cept such as shall have been expressly decided in
that court: Provided, that no exception will be
required to be reserved in the trial of equity cases
or cases before the court in which a jury has
been waived."

All that the proviso to this section does is to obviate the
necessity of taking formal exceptions to any ruling of the
court, invoked by the complaining party. It does not dis-
pense with the necessity of calling to the attention of the
trial court in some manner the claimed error, and seeking
there the correction of the same. It does not enable a
party to sit idly by, and permit some error prejudicial to
his rights to intervene, without objecting or calling the
attention of the court to the same, in some manner. In
the case of Neher v. Armijo, 11 N. M. 67, 66 Pac. 517,
the territorial Supreme Court, in construing section 897,
C. L. 1897, which in part provided, "it shall be the duty
of the Supreme Court to look into all the rulings and de-
cisions of the court which may be apparent upon the rec-
ords, or which may be incorporated in a bill of exceptions,
and pass upon all of them, and upon the errors, if any
shall be found therein, in the ruling and decisions of the
court below, grant a new trial," etc., said, speaking
through Mr. Justice Parker:

"If the interpretation of this section of the
statute invoked by appellees is to be adopted, it
is easily made manifest to what absurd results
we will be brought. It will be no longer neces-
sary to make objection or save exception in the
trial courts of this territory. Learned counsel
may sit by and see the trial court, in the hurry
and tedium of a protracted trial, commit any
sort of error and never call attention to the same
or lend the court the aid to which it is entitled
in arriving at a correct conclusion. If unsuc-
cessful, he may appeal to this court and assign
errors, or, failing in that, may call attention to
the errors complained of in his brief, or, failing

in that, he may turn over the record and bill of exceptions to this court and say: 'Here is this record. It is full of errors. Take it, examine it, and render such judgment as may be right and just and in accordance with law.' And the successful party may do the same thing in case of an appeal by his opponent, as in this case. It is apparent that the Legislature never intended the statute to have an effect so inconsistent with all the principles of trial and appellate procedure and the due administration of justice. This statute does not pretend to deal with methods of saving exceptions and presenting errors to the appellate court; it simply provides that errors shall be passed upon. Can it be contended that immaterial, invited, or waived errors are to be passed upon? We think not. An error of the trial court ceases to be such in the appellate court, if the same is immaterial, invited, or has been waived. We think the errors mentioned in the statute are such errors only as have been made available by the party presenting them."

This reasoning, we believe, applies with equal force to the present statute now under consideration. While under the statute, as stated, formal exceptions are not necessary, in cases tried by the court, yet the complaining party must, in some manner, call the attention of the trial court to the claimed error, and give that court an opportunity to either avoid or correct the same. This being true, and appellant not having objected in any manner to the findings made by the court, or asked for what he conceived to be proper findings, he cannot here urge objections to the same. See, also, Radcliffe v. Chavez, 15 N. M. 262, 110 Pac. 699; Luna v. Cerrillos Coal R. Co., 16 N. M. 71, 113 Pac. 831.

It is lastly urged that the complaint fails to state facts sufficient to constitute a cause of action. In his brief appellant argues two propositions, which we assume are addressed to the question of the sufficiency of the complaint. These are: First, "A declaration in an action on contract

which does not state the time at which the defendant should have performed it is bad on demurrer"; second, "in an action for breach of a contract, the plaintiff must allege a promise on the part of the defendant," and, the appellee having failed to allege that appellant agreed to handle 75,000 yards, the demurrer of appellant should have been sustained. The complaint in the present case is subject to neither of the objections urged. The time within which the work was to be performed is alleged, as is also the fact that the appellant, by the contract, agreed to handle the 75,000 yards mentioned.

Finding no available error in the record, the judgment of the trial court will be affirmed, and it is so ordered.

ROBERTS, C. J., and HANNA, J., concur.

## ON MOTION FOR REHEARING.

ABBOTT, District Judge.—[3] On motion for rehearing appellant has called to our attention the fact that subsection 134 of section 2685, C. L. 1897, was repealed by chapter 26, Laws 1905, but this does not aid appellant, for the repealing statute only applies to default judgments, and the judgment herein was rendered upon a trial of the issues.

[4] Appellant's motion to vacate the judgment was predicated upon the ground: First, that the complaint failed to state facts sufficient to constitute a cause of action; and, second, upon alleged error of law occurring upon the trial. The first contention is disposed of in our former opinion, wherein we held that the complaint did state facts sufficient. For error of law occurring upon the trial of a cause, the party's remedy is by a motion for a new trial, or appeal or error, and not by motion to vacate the judgment. Edwards v. City of Janesville, 14 Wis. 27; Mize v. Americus Mfg. & Im. Co., 109 Ga. 359, 34 S. E. 583; Philadelphia & R. R. Co. v. Snowdon, 161 Pa. 201, 28 Atl. 1067; Grant v. Schmidt, 22 Minn. 1.

For the reasons stated, the motion for rehearing will be denied.

ROBERTS, C. J., and HANNA, J., concur.