# Highland *v.* Russell Car & Snow Plow Company, Appellant.

*Appeals—Interlocutory judgment—Appeals quashed.*

In an action of assumpsit an appeal will not lie from the action of the court below, refusing to set aside service of a writ of summons. Such an order is interlocutory and no appeal lies from it.

Argued October 23, 1922.    Appeal, No. 32, Oct. T., 1922, by defendant, from decree of C. P. Clearfield County, Sept. T., 1921, No. 427, refusing to strike off service of summons in the case of V. L. Highland v. Russell Car & Snow Plow Company.    Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Appeal quashed.

Assumpsit for breach of contract.    Before BELL, P. J. Motion to quash appeal.

The opinion of the Superior Court states the case.

From the record it appeared that upon prayer of the defendant a rule was granted to show cause why service of the summons and statement should not be stricken off and the writ quashed.

After argument the court dismissed the rule.    Defendant appealed.

*Error assigned* was the decree of the court.

*A. M. Liveright,* for appellant.

*Lisle D. McCall,* for appellee.

OPINION BY KELLER, J., December 14, 1922:

Defendant, a foreign corporation authorized to do business in Pennsylvania, appealed from the order of the court of common pleas refusing to set aside service of the writ of summons and quash the writ.

Plaintiff moved to quash the appeal on the ground that the order is interlocutory and no appeal lies from it.

It was the settled practice in this State, established by many decisions of the Supreme Court, that such an order is interlocutory and cannot be appealed from: Coleman's App., 75 Pa. 441, 460; Lycoming Fire Ins. Co. v. Storrs, 97 Pa. 354; Bennethum v. Bowers, 133 Pa. 332, 337; P. & R. R. Co. v. Snowdon, 161 Pa. 201; Wallace v. Jameson, 179 Pa. 94; Platt v. Belsena Coal Mining Co., 191 Pa. 215; Bellah v. Poole, 202 Pa. 71. But, in 1909, without expressly overruling those decisions, the Supreme Court, in McCullough v. Ry. Mail Assn., 225 Pa. 118, in an opinion by Mr. Justice MESTREZAT, seemed to countenance a departure from that practice, for in referring to a motion to set aside service of process, it was said, (p. 123) : "If, on the other hand, the court rules the preliminary question against the defendant, he has one of two courses to pursue. He may rely upon the position he has taken and attempt to sustain it by an appeal to the proper appellate court; or he may consider himself in court and defend the action on its merits." No cases were cited to support the right to appeal from such an interlocutory order, and if it was intended to mean that an appeal would lie before final judgment had been entered in the action, it was in the teeth of all the previous decisions. That case was cited with approval, however, in Vandersloot v. Penna. W. & P. Co., 259 Pa. 99, and Bird v. Sleppy, 265 Pa. 295, where appeals were sustained from orders refusing to set aside service of bills in equity, which had been extraterritorially served.

Whatever confusion may have resulted from the opinion in McCullough v. Ry. Mail Assn., supra, has been cleared up by the latest decision of the Supreme Court in Miller Paper Co. v. Keystone C. & C. Co., 275 Pa. 40, which was reported since the argument of this appeal, and which definitely reaffirms the previously established practice, that on the law side, at least, a review of the

action of the court below refusing to set aside service of the writ, cannot be had until a final judgment has been entered.

The motion to quash must accordingly be sustained. The appeal is quashed.